# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT LeMONTE JERNIGAN**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15 C 9887 |
| ) | |
| **TERRY WILLIAMS, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se petitioner Robert LeMonte Jernigan ("Jernigan"), using the printed form of Petition for Writ of Habeas Corpus ("Petition") provided by the Clerk's Office for use by state prisoners seeking relief under 28 U.S.C. § 2254[1], seeks to challenge his 1988 state court convictions on charges of murder, home invasion, residential burglary and robbery. Though Jernigan's Petition appears to pose a good many other problems (including what plainly appears to be its untimeliness under Section 2844(d)(1)), this Court need not address them because of one critical component of Jernigan's litigation history.

Some 18 years ago Jernigan attempted to bring another federal habeas petition, <u>Jerningan v. Page</u>, 97 C 2894, which was assigned to this Court's then colleague Honorable Wayne Andersen. After Judge Andersen denied that petition on the merits in 2000 WL 1154069 (N.D. Ill. Aug. 14, 2000), our Court of Appeals denied Jernigan's request for a certificate of appealability in its Case No. 00-3457 (7th Cir. Jan. 23, 2001).

That being so, Section 2244(b)(3)(A) requires Jernigan to file a motion in our Court of Appeals for an order authorizing this District Court to consider a second or successive

---

[1] Further references to provisions of Title 28 will simply take the form "Section --," omitting the prefatory 28 U.S.C.

application such as this one.  Jernigan's failure to have filed such a motion calls for dismissal of the current Petition under either Section 2244(b)(1) or 2244(b)(2) (which of those is applicable depends on whether or not the claims he now presents were presented in his 1997 effort, a determination that need not be made now under the circumstances).

Accordingly the Petition is denied and this case is dismissed.  One further thought -- before Jernigan even considers whether to expend any more time and effort in undertaking a federal challenge to his convictions by filing a Section 2244(b) motion in the Court of Appeals, he must recognize that Section 2244(d)(1) establishes a short one-year period of limitation for federal habeas relief, and nothing in his present filing even hints at an ability to overcome that hurdle.[2]  But if he nevertheless elects to proceed, this Court complies with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts by denying a certificate of appealability from this final order adverse to Jernigan.  Jernigan is advised, in accordance with that Rule, that he may seek such a certificate from the Court of Appeals under Fed. R. App. P. 22.[3]

                                    _/s/ Milton I. Shadur_
                                    Milton I. Shadur
                                    Senior United States District Judge

Date:   November 5, 2015

---

[2] Indeed, this Court has obtained a Westlaw Next printout detailing Jernigan's entire litigation history, and it unsurprisingly (given the long-ago commencement date of the ticking of the one-year limitation clock prescribed by Section 2244(b)(1)) shows no way in which the Section 2244(b)(2) tolling provision could have prevented that clock from running out years ago.

[3] Jernigan has accompanied his Petition with two other forms provided by the Clerk's Office:  an In Forma Pauperis Application ("Application") and a Motion for an Attorney Representation ("Motion").  Even though a federal habeas petition carries only a $5 price tag for its filing, this Court will simply deny both the Application and Motion as moot in light of the threshold dismissal of the Petition in this action.